**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Steadfast Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:17-cv-1119-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Palmetto Civil Group, LLC, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Austin-Hitt Joint Venture, a joint venture Composed of Austin Commercial, Inc., a Subsidiary of Austin Industries, Inc., and Hitt Contracting, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

This matter is before the Court on Third-Party Defendant Austin-Hitt Joint Venture's motion to dismiss or stay the third-party complaint and compel arbitration (ECF No. 17). Also before the Court is Defendant and Third-Party Plaintiff Palmetto Civil Group, LLC's motion to dismiss or stay and compel arbitration (ECF No. 19). For the reasons set forth herein, the Court stays this action and compels arbitration of the entire case.

**BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of a construction project at the Charleston International Airport. The Charleston County Aviation Authority hired Austin-Hitt as the general contractor to redevelop and improve the airport's terminals. Austin-Hitt then subcontracted with Palmetto to perform civil site work at the project. That subcontract was terminated, and Austin-Hitt's insurer, Plaintiff Steadfast Insurance Company, paid Austin-Hitt's insurance claim arising out of the subcontract's

termination. Steadfast then filed the instant action against Palmetto to recoup its losses from paying the claim to Austin-Hitt. Palmetto answered and later asserted a third-party claim against Austin-Hitt.

Austin-Hitt filed its motion on August 28, 2017, and Steadfast and Palmetto both responded on September 11. Palmetto filed its own motion on September 11. Steadfast responded to that motion on September 25, and Palmetto replied the next day. Accordingly, these matters are now ripe for consideration.

## LEGAL STANDARD

Once a litigant moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreements exists and, if so, (2) whether the dispute falls within the scope of the arbitration agreement. *AT&T Tech., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 651 (1986); *see Hooters of Am. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011) (internal quotation marks and citation omitted). "The heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Id.* (citation omitted).

## DISCUSSION

Both Austin-Hitt and Palmetto seek to compel arbitration of various portions of this case. Austin-Hitt seeks arbitration of Palmetto's third-party complaint against it, while Palmetto seeks arbitration of the entire case. The parties do not contest the validity of the arbitration clause at issue, only its applicability. Steadfast states that it has no objection to arbitration of the third-party

2

claim between Palmetto and Austin-Hitt, but does object to arbitration of its direct claim against Palmetto. Steadfast also objects to the Court dismissing the case if it compels arbitration. Because the primary dispute is whether Steadfast must arbitrate its claim against Palmetto, the Court addresses that question first.

Palmetto argues that because Steadfast is Austin-Hitt's subrogee, Steadfast stands in Austin-Hitt's shoes and is bound by the arbitration agreement contained in Palmetto and Austin-Hitt's contract. The Court agrees. Steadfast's claims against Palmetto arise out of Palmetto's alleged breach of its contract with Austin-Hitt. Thus, because Austin-Hitt and Palmetto are bound to arbitrate disputes arising out of their contract, Steadfast must also arbitrate any such disputes because it has no greater rights than Austin-Hitt. In *Tetra Tech EC/Tesoro Joint Venture v. Sam Temples Masonry, Inc.*, this Court addressed a similar situation. No. 3:10-cv-1597-CMC, 2011 WL 1326371 (D.S.C. Apr. 6, 2011). There, Judge Currie also addressed an insurer's claim that was based on a contract between a subcontractor and a general contractor. *Id.* at *1. Judge Currie found that because the insurer would necessarily stand in the general contractor's shoes in pursuing the claim "as subrogee or otherwise," the insurer was also bound by the arbitration provision in the contract between the general contractor and the subcontractor to the extent the insurer sought "to assert any claim under the contract." *Id.*

Steadfast also appears to argue that Palmetto has waived its right to compel arbitration by proceeding in this case without moving to compel arbitration until now, and by failing to include arbitration in its answer as an affirmative defense. "[T]he FAA authorizes a party to an arbitration agreement to demand a stay of proceedings in order to pursue arbitration, 'provided the applicant for the stay is not in default' of that right." *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004) (quoting 9 U.S.C. § 3). "Such default or waiver arises

3

when the party seeking arbitration 'so substantially utilized the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'" *Id.* (quoting *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985)). However, in light of the federal policy favoring arbitration, the Fourth Circuit has held that it "'will not lightly infer the circumstances constituting waiver.'" *Id.* (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996)). Thus, "[t]he party opposing arbitration on the basis of waiver . . . bears a heavy burden." *Id.* (citation and internal quotations omitted). This Court has noted that "'the dispositive question is whether the party objecting to arbitration has suffered *actual prejudice*.'" *Mozingo v. S. Fin. Grp., Inc.*, 520 F. Supp. 2d 725, 731 (D.S.C. 2007) (quoting *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (2001)). "'Prejudice . . . refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue.'" *Id.* (quoting *Am. Reliable Ins. Co. v. Stillwell*, 212 F. Supp. 2d 621, 628 (N.D. W. Va. 2002)). Here, Palmetto cannot reasonably be said to have substantially utilized the litigation machinery as this case is relatively new and no significant motions have been filed or decided. More importantly, Steadfast has failed to demonstrate actual prejudice. Accordingly, the Court rejects Steadfast's apparent argument that Palmetto has waived its right to compel arbitration.

Steadfast also appears to argue that Rule 14 of the Federal Rules of Civil Procedure precludes Palmetto from compelling arbitration.[1] The Court disagrees. As discussed above, Steadfast's claim against Palmetto would be subject to arbitration regardless of whether Austin-Hitt was a participant in the litigation because Steadfast is Austin-Hitt's subrogee. Thus, the Court

---

1. To the extent Steadfast is instead arguing that the Court should dismiss Palmetto's third-party complaint on the basis of Rule 14, the Court could only address that argument if it determined that this action is not subject to arbitration. Having determined that this action should go to arbitration, the Court need not address that argument.

disagrees that Rule 14 provides any basis for Steadfast to avoid arbitration of its claims against Palmetto.

Having concluded that all of the claims in this action are subject to arbitration, the Court must determine whether to stay or dismiss this action while the parties proceed to arbitration. All parties have agreed to a stay in the event the Court compels arbitration, but not all parties have agreed to a dismissal. Having concluded that these claims should be arbitrated, the Court stays this action in accordance with the direction in 9 U.S.C. § 3 that cases sent to arbitration should be stayed.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that both motions to compel arbitration are **GRANTED**. Accordingly, this action is **STAYED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 1, 2017**
**Charleston, South Carolina**